One moment. I forgot to say something. Each side, both of you have probably been here before, but each of you will have 15 minutes to argue. I would advise the appellant to save a few minutes for rebuttal. Okay? And we're not strict clock watchers, but if you're going on too long, I'll ask you to wrap up. Okay? Please step up. Good morning, and please report. My name is Ann Krasiewski, staff attorney with the Illinois Guardianship and Advocacy Commission, and I'm on behalf of Ms. Rita P. You have to speak up. Remember what I said about the recording. You have to stand right in the middle, if you will, so that your voice will be recorded. This is being recorded, so the microphone needs to pick up your voice. Thank you. A trial court's findings of fact aid appellate review and communicate to the parties the trial court's reasoning. The trial court's findings of fact also communicate to the respondent that she had a fair hearing, that the court heard her evidence and considered her side of the story, even if it ultimately ruled against her. Here at the conclusion of Ms. P.'s hearing regarding the authorization of psychotropic medications, the trial court stated only a few words. Essentially that the testimony was overwhelming in support of the state's case, that it heard from three witnesses and made observations in open court, and therefore granted the petition. The appellate court in the James S. case found similar findings to lack compliance with the Mental Health Code's mandate in Section 3-816 that the court shall state its findings of fact. Ms. Kuczynski, a lot of the cases that are cited by the parties reverse the trial court on this kind of a scenario. But none of the cases seem to discuss the nuance that we threw out with our last order, which was whether or not a written order could suffice. And I'd like to address that particular issue, and then also does Judge Karkula's written order suffice to meet the requirements of the statute? In response to the first half of that question, if the written order contains findings of fact and conclusions of law, if those two requirements appear somewhere in the record, I would agree that the requirement can be met. This statute requires a written order, and Section 3-816 does not specify exactly the contents of the written order. Section 2-107.1 regarding the medication does have specific requirements. That the medications be listed, that the dosages be listed, the tests and so on. So I believe that section permits the trial court to use a form order, as was used here, and then state its findings of fact on the record. Or to put them in the written order. However, to answer the second part of Your Honor's question, here the written order does not comply with Section 3-816. And what modifications would you make to the written order so that it would comply? Does the judge specifically have to refer to the exact type of disability that your client has? Yes. That would be one element that would definitely be helpful. But my position is that the list in the written order, the list of the statutory elements, that those are not findings of fact. Those are conclusions of law. And even in that regard, there isn't a distinction whether Ms. P has a mental illness or developmental disability, or whether the court found she exhibited deterioration in her ability to function, suffering or threatened behavior. But I did not raise an argument about the conclusions of law. We're focusing specifically on the findings of fact requirement, which is not met in the written order. It does not state any facts specific to Ms. P. It is a form order used in every medication case in Cook County. And it says, in essence, that Ms. P met the statutory requirements for authorization of medication. Your last statement leads me to a related question. Is this the same order they're using in all of these cases out of Reed? And do they all suffer from the same deficiency, or is it a judge-by-judge issue? What's happening institutionally? This is a form order generated by the clerk. So it's used in medication cases that stem from Reed Mental Health Center, but in all medication cases in Cook County. And that does support that there are no findings of fact. The order doesn't state why the judge found that Ms. P lacked capacity. It doesn't state, nor was there a statement on the record, whether the court found Ms. P closed her business due to mental illness, or was it due to the economy, as she testified. The court does not say whether the closing of her business is a fact that supports the conclusion that she deteriorated in her ability to function. And it's not clear from the written order, in fact, that the court found that. It's not specifically delineated in line three of the written order. And regarding... I'm sorry, Your Honor, may I cite to the Madison H. Case that was the subject of the... In that case, the Madison H. Case, under the Juvenile Act, the Supreme Court found that generic language from a statute does not meet the requirement for factual finding. And that's what the written order does here. It mirrors the statutory language. And as I said, it does not reflect that this order is about Ms. P. And we have to ensure that when the trial court is restricting a person's liberty by subjecting her to psychotropic medications with powerful side effects, that the order is based on the proper evidence at trial, and not based on something else. For example, not based solely on a diagnosis of mental illness. The code sets out several elements the state must prove in addition to mental illness. Counsel, am I correct that the record indicates that your client has since voluntarily admitted herself to read? Yes, that was actually in the common law record, her application for voluntary admission. All right. And does that have any relevance to the issue of potential mootness of the case? I was going to ask that. Well, we're all familiar with the mootness issue as it relates to collateral consequences and why, even though the name date has passed, there may be a reason to reverse a decision like this. But when she has voluntarily admitted herself for what is probably going to be some kind of lengthy treatment, is there really an issue for us anymore? Tell us why there is. Yes. First of all, it shows that where it supports that there are no other involuntary orders against her, which is relevant to the collateral consequences analysis. Because if a person has another order, there are collateral consequences attached to that. So she does not have that. And also, it doesn't preclude review, that she signed in, it does not preclude review because this is a question of, it's a legal question, whether the trial court complied with the statute. And that review, under that exception, provides guidance to the authorities. But even if it's a legal question, is that the standard? Because if an issue is moot, assuming a legitimate legal question exists, if an issue is moot, does the court still have an obligation to decide the answer to the legal question? Well, if there's a legal question, that lends itself to review under the public interest exception, as well as the capable of repetition, not evading, review exception. Because it shows, under the public interest exception, that this issue may come up again. And in fact, in this case, Section 3-816 is at play in every hearing under the Mental Health Code. So its recurrence is likely. You kind of mushed those two together, but can you talk a little bit about being capable of repetition, avoiding yet a review, because it seems like the facts of this case could lend itself to that argument. So can you talk a little bit about that? That exception has two elements. The duration of the order, whether it's too short to permit review. And this case means that. These orders are for up to 90 days. And secondly, whether the appellant is likely to face the issue again. So the capable of repetition refers to the appellant, whether she is likely to face this issue again. And she is. She was diagnosed with a mental illness, a long-term mental illness, that is best treated with medication. So she is likely to find herself subject to a hearing like this again. Under the public interest exception, the question is not whether the issue is likely to recur solely in the appellant's case, but in general. Whether the issue is likely to recur in general. And it is, since that section of the code, 3-816, applies in every hearing. The court must state it's finding the captain every hearing. So our position is that this case does meet actually all three of the exceptions to the movement statute. Could you wrap up your argument, please? Because the record, whether it is the court's statement, oral statement, or the written order, lacks findings of fact, we ask this court to reverse the trial record. Thank you. I'm sorry, I just have a question. You seem to have agreed that the statement on the record requirement in the statute can be fulfilled by a written order, as well as oral statements by the circuit court. Is that correct? Yes. We feel the statute allows the court to use a form order. It's an accommodation to the court. The court doesn't have to put its findings of fact. It's an interesting terminology that's in the statute, when they say statement on the record. Is there any case law, to your knowledge, interpreting what it means by those words? I have not found case law about specifically what on the record means in the statute. Or statement on the record. I'm sorry, statement on the record. I did not specifically look for that. It seems to imply an oral statement. But looking at subsection B to that section, regarding the requirement that the court inform the respondent of their appeal rights, there is a distinction there. It states that the appeal rights must be given in writing or orally. So, if there is a written order, that's a form order, that does not contain the findings of fact, an oral statement can be used. It's generally used? The oral statements are generally made? Yes, yes. In the trial courts, the findings of fact are stated orally. Thank you, counsel. Good morning, your honors. Assistant State's Attorney Alan Spellberg, representing the legal of the state of Illinois. This case is moot. And it's undisputed that it's moot. Because the order entered in this case, the 90-day order for the administration of psychotropic medication, expired last year. Actually, well over a year ago. None of the mootness exceptions apply in this case. As we point out in our brief, in the In Re Alford HH case, the Illinois Supreme Court was very clear that there is no catch-all mootness exception for mental health cases. Why don't we look at the three possibilities individually. Can you respond to your opponent's argument regarding the fact that this is possible that this could come up again where she would be subject to medication, especially the type of medication that was ordered in this case, which lends itself to short-term administration, and then it stops. So before she could get to court, you know, the thing is, the medication is stopped. Can you respond to that? I certainly can. And again, I believe the Alford HH case answers that question directly. And the reason why, under the capable of repetition yet evading review exception to the mootness factor, what the Illinois Supreme Court said there was they recognized, as a matter of course and a matter of law, that a 90-day order will always satisfy the first part of that test. It's too short to comply with the review. But it doesn't satisfy the other parts. Most importantly, what the court identified in that case, and that was a case involving a challenge to the sufficiency of the evidence as opposed to a challenge regarding the compliance with a particular statute, not an interpretation of the statute, but the compliance of the statute. What the Supreme Court held in that case was that the actions, in order to satisfy the capable of repetition yet evading review, the actions must have a substantial enough relation that the resolution of the issue in the present case would be likely to affect a future case involving respondents. So it's not simply that this respondent might be subject to additional motions for the involuntary administration of psychotropic medication. It's whether or not the resolution of the issue, which she has raised in this case, will be helpful in any future scenario. But why wouldn't it be? Because the question here is whether or not the judge, in this case, made a sufficiently detailed finding at the end of this proceeding as to whether or not this petition should be granted. That is a fact-specific, case-specific case. It won't define any legal rights or legal ramifications for a future determination. And in the Alfred H. H. case, what the court did was they looked at a case called In re A Minor. And In re A Minor involved a case involving a newspaper suing to get access to a juvenile court pleading. And what the newspaper had argued was that even though the juvenile court pleading is over, they should still be able to go forward with the matter, because under this capable of repetition yet evading review, because there will be additional future juvenile cases. And the newspaper, as the litigant in there, is trying to establish their rights to have access to the materials. So the resolution of the issue in that case, the precise legal issue which was being presented, is what is defining for the mootness exception. And that really is the rule that applies for all the mootness exceptions. What is the legal issue which is being sought to be resolved, and why should a court find that there's an exception to the mootness doctrine? Because, again, the presence and the importance of the mootness doctrine is that courts do not issue advisory opinions. There is very clear requirement that there has to be an actual contradiction, that the ability to give effective relief to the litigants. And what the Alfred H. H. Court said, and what all the other mootness cases say, is that if there's an inability to give effective relief, courts should not rule on the issues and should dismiss the cases as moot. And so the capable of repetition yet evading review, the mere fact that this is a short time frame is not enough. And that's what the Alfred H. H. case said. As to the substantial public interest exception, the court again said there that mental health cases, yes, they're important, but that's only the classic cases. You have to look at what the issue is that's being raised. And if it's a fact-specific case, it won't have a dramatic effect. It won't provide sufficient enough of a reason in order to have an exception for the mootness. And what the court said specifically is that it has not been clearly established that this issue is of sufficient breadth or has significant effect on the public as a whole so as to satisfy the substantial public nature criteria. Mr. Spillman, your opponent sort of dropped a hint that this may be a practice that is occurring with some frequency, that there's a form order the state's attorney uses. It parrots in conclusory form the statutory elements, but the judges are not even orally saying, and by the way, it's a schizophrenic issue, or adding those facts that might suffice. Institutionally, what's your spin on that? Well, let me just clarify that as counsel stated, the form order is generated by the clerk's office, not by the state's attorney. We file a petition, we establish our evidence at the hearing, the court makes its finding, and the order is issued. Yes, it is a form order, and the faxes are checked, and everything is set. As to the scope of the oral findings by the judge, that is clearly without our authority to address. We can't tell the judge to rule, and that gets to the heart of my substantive argument regarding the mandatory versus directory. But getting to the, I guess, the more precise question, which I think you're asking your order that you issued last week, is to be able to discuss the meaning of the written order and whether or not it satisfies the statute. I believe that, I do fully believe that that written order is sufficient to satisfy all the needs that apply under the mental health code. That it satisfies 2-107.1 by giving clear guidance to the hospital and the providers as to what has to be done. It provides clear guidance to the respondent as to what was found and where her legal rights are and where they go. The problem is that according to the James S. case, which the respondent relies on, and according to the statute, a written order isn't enough by itself. Because what the statute specifically says is, the court shall enter a written order, and it shall be accompanied by statement on the record. It's that shall be accompanied by that really says that the written order shouldn't be enough. And that's why we make the argument in our brief that even if this case were moved, the statute would have to be read as directory as opposed to mandatory. And the reason for that is, the legislature cannot tell judges how to make findings. It can tell them what kind of findings have to be made in order to establish, to make a finding that the claim has been established. It can tell them when findings have to be made by within the time frame. But it can't tell the court how to make a finding. And as we point out in our brief, the cases that we cite... In this case, doesn't the judge have to make some finding and doesn't have to be based on something? In this case, there were about two hours of testimony. And at the end, the judge gave kind of a one or two sentence finding. Are you contending that that's enough, that satisfies the statutory requirement for findings? Yes, I do believe it does, Your Honor. And the reason why is because the judge, sitting as a prior fact, heard all the evidence, is aware of the law, is presumed to know the law... He doesn't have to record it anywhere. He can keep it in his head and say, I found that the findings have satisfied the statute, and that's enough? Your Honor, I believe that is enough, yes. Because, again, if it's a question of sufficiency of the evidence, which it is not in this case, the respondent has purposely avoided making any challenge to the sufficiency of the evidence. This court can still... Well, just from a personal, you know, maybe purely appellate point of view, how do we know what he found if it's not recorded anywhere? Your Honor, I would say that you don't have to know precisely what he found. It is well established that... So if the judge says, I find that the statutory requirements are met, and that's all, that's enough for us to review and say, oh, well, he must have found something? Yes, because the standard of review, as we point out in our brief, in an issue of sufficiency of the evidence, if that were being raised in this case, is the finding that was made against the manifest weight of the evidence. And all the inferences have to be drawn against the movement, against the appellant. That is no different than what this court does in any criminal case involving a jury verdict. That is no different than what this court does in any other case involving a finding by a judge. And the reason why is because the precise rationale and the precise reasoning of the prior effect isn't relevant to the validity of the judgment. But how do we measure his reasoning if we don't know what he looked at? Well, Your Honor, you do know what he looked at. He looked at all the evidence. We don't know what all the evidence is based on what he said. Certainly we do, Your Honor, because we know what the testimony was at the proceeding. And that's why I would suggest that this is no different than a bench trial in a criminal case where a judge would simply say guilty. That is, without a doubt, a sufficient finding of defendant's guilt. That is, without a doubt, a sufficient finding allowing this court to review the sufficiency of the evidence. And it's, without a doubt, all that is necessary in order to trigger a valid judgment to be subject to review. Going back to your, I remember the word how was floated out there. You took the position that the legislature can't tell the court or a judge how to rule. Do you mean by orally versus in writing? Is that your position? Yes. And actually, and that's the Madison H case, which has been cited in the additional authority. I actually believe the Madison H case supports the conclusion that this statute has to be read as directory instead of mandatory. Because what happened in the Madison H case, it was a dependency proceeding under the Juvenile Court Act. But that leads to the question, is it the state's position that the legislature could not, for instance, say the judge has to make an oral finding face-to-face with the allegedly disabled person? And there's case law that says that this is an important part of the process that, you know, is a safeguard, you know, a tool to not oppress society. Is it the state's position that the state couldn't do that? The state could just leave it all? If the state said the judge must do it orally in front of the allegedly disabled person, that that would be enforceable or directory or unconstitutional? I'd have to really think about that. That is clearly a very different scenario, and I'm not sure what the answer would be. But that does, I believe the Madison H case really does help us in terms of, and admittedly the Madison H case doesn't talk about mandatory versus directory in any way. But what the court did, it's fully consistent with the concept that that statute was directory and not mandatory. So in Madison H, it was a dependency proceeding under the Juvenile Court Act. The trial judge made fairly extensive oral statements, oral findings, but were mostly legal conclusions, and then signed a form order which had almost nothing in the order. It went up on appeal. The appellate court reversed it, reversed it because it didn't satisfy the statute under the Juvenile Court Act because it required, in that instance, that the findings be in writing. It was brought up to the Illinois Supreme Court, and the Illinois Supreme Court said no. Even though the statute says it has to be in writing, it's explicit that it must be in writing, oral findings are sufficient. The legislature can't demand that the judge issue a written finding. He can do it orally, and that's sufficient. So, again, there's an example where the Illinois Supreme Court has said that a statement regarding judicial findings being made in a particular manner isn't binding in itself. But more importantly than that, what the Supreme Court did was, instead of reversing the trial court's ruling on the dependency, it simply remanded the matter back to the trial court to make more clear findings, to make the necessary findings as required under the code. Which leads to another question. So we know the 90 days have passed. In sort of maybe a different scenario, a different kind of case, we could say, oh, the judge omitted this one step, we're remanding it back for him to clean it up and make those findings a fact. Is there a reason why we can't do that here? And, yes, that brings us right back to the movements part. Again, courts are not supposed to enter orders which are advisory in nature. If a case is moot, the case is supposed to be dismissed. That's what Alfred H.H. says. That's what a litany of cases from the Illinois Supreme Court say. And the definition of mootness is the ability to grant effective relief. This order, this involuntary medication order, expired long ago. It is no longer possible to grant the respondent in this case any effective relief. Sending the matter back to the trial court for additional findings, as occurred in Madison H., won't serve any purpose. And in that regard, I would point this court to Justice Kilbride's concurrence in the Madison H. case. Because what Justice Kilbride said, and I think this is very important, is that in that dependency matter, the importance of the particular findings by the judge are so important because that's what tells the parties what they have to do to progress and improve and to end the dependency, end the DCFS guardianship, and allow the child to come back to the parents. So it's those findings are a guidance for what future behavior has to occur. Nothing like that happens in this case. In the particular case. In this particular case. I mean in Madison H. Yes. Yes. But that signifies why in that scenario the necessity of sending it back for further proceedings, because it allowed the parties in the ongoing juvenile abuse in the dependency scenario in the ongoing case to be able to know where to move forward with it. So do you completely discount the fact that this, given the fact that a form or standardized order is used, the type of medication that was ordered, and the practice in that particular court, that this would lend itself to the third exception that your opponent talked about that really makes it important for us to address this, because it's likely to come up again, according to her. And there won't be any opportunity for review. If I can clarify, are we talking about the capable repetition yet evading review exception? Yes. Again, that rule, that exception, according to the Alfred H.H. case, is not one to be addressed for providing guidance for other litigants in other cases. It is designed to provide and protect this particular litigant in future cases where a resolution of this case. Well, assume that it could come up with this particular litigant, given the type of medication, the order that was issued. Why couldn't it come up again with this particular litigant? What would prevent that? Well, Your Honor, again, because it is a fact-specific scenario, unlike the In Re Minor case where the newspaper was saying, we have these rights, we need to be able to litigate these rights so that way we can assert them. This is instead whether or not this particular trial court judge, after hearing this particular set of facts through the testimony and other evidence that was presented, makes a sufficiently detailed finding in order to satisfy people's view of compliance with the statute. This is really very similar to the sufficiency of the evidence claim that was raised in the Alfred H.H. In the Supreme Court, the Supreme Court recognized that that petitioner, that respondent, might be subject to future mental health claims. But the finding in that particular case would not have any significant effect in future cases related to his mental health status. So the capable repetition gate abating review exception is one solely looking at how will this ruling, how will a judgment in this case affect any future judgments involving this particular litigant. And that's why I feel that counsel has been conflating the three different mootness exceptions. There is the substantial public interest exception, but the Alfred H.H. case makes it clear just because it's a mental health case isn't enough. There is the capable repetition gate abating review, but the Supreme Court makes it clear that it must be directly related to that. And then there's collateral consequences exception, which again the Illinois Supreme Court is very clear that any collateral consequences have to stem solely from the instant proceeding. And respondent can't make that clear. The record is replete with instances of her prior hospitalizations and her other instances. And as we cite in our brief, the James H. case recognizes that that could be. And the consequences are not simply the fact that there's been a finding. The consequences are the mental health history itself. Those have consequences. Those will have effects across the board. So we would ask this court to dismiss this case as moot, because it doesn't satisfy any of the mootness exceptions, or if this court were to reach the sole issue in this manner, to recognize that the statute is merely directory as opposed to mandatory. And if I could just make one other quick point. In the respondent's reply brief, she cites a case in Ray S.G. saying that the separation of powers doesn't apply in this scenario. Certainly separation of powers applies in this scenario. And if you read the N. Ray S.G. case carefully, you will see that the court engages in a mandatory versus directory dichotomy. And the reason why they say that the statute in that case was mandatory as opposed to directory was because the statute provided for a remedy itself. It called for the dismissal of the proceedings if the abuse and neglect of the proceedings were not completed in the statutory timeframe. That is the key to the distinction between mandatory versus directory. Does the statute itself call for a remedy if there's been a violation? There is no remedy called for in 3816. And so the cases that reverse simply because of failure to comply are inappropriate. They're treating it as mandatory when it should only be directory. The Madison H.H. case is another example of that where the court did not reverse for failure to comply. Instead, it simply remanded so the court could give more appropriate findings. So, again, we would ask this court to either dismiss as moot or to affirm because the statute is merely directory. Thank you. Anything else? Thank you, counsel. A brief rebuttal. This case does meet the exceptions to the mootness doctrine. We raise not a fact-specific question but a question that arises in every single proceeding under the Mental Health Code. It is a legal question. And it would have resolution would have benefit, not just to Ms. P because she's likely to face another hearing like this again, but also in general to provide guidance to the court and to the parties. And when counsel talks about the rule against issuing advisory opinions, that applies when there's a fact-specific question at issue. This is not a fact-specific question. It's a legal question. And I want to really respond to counsel's argument that for the collateral consequences exception to apply or that it cannot be applied because the respondent, Ms. P, already has collateral consequences due to her mental health history alone. That is not the case. I think Alfred H.H. looked at that. Alfred H.H. did look at that question and said it's not the history, it's the order itself that creates the collateral consequences. And secondly, in response to counsel, the written order does not comply. The court's oral statement and the written order does not comply with the Section 3-816. The Madison H. case said as long as the facts are somewhere, whether in writing or stated orally, that's sufficient. But here they are nowhere. There are no facts in this order. It's a list of statutory elements. Those are not facts. That could apply to any respondent. We could just change the name on the top of the order and it would apply to anyone else. And. Could you respond to Mr. Spellberg's comment, response to my question about the possibility that this could recur again to this particular person without any opportunity for review by the court? Yes. The order is for up to 90 days in law. That's the longest term. And she is likely to face future orders, future proceedings under the Mental Health Code due to her mental diagnosis and the fact that it's a long-term illness. And so while in the Madison H. case dealt with a step in one stage of the overall proceedings, in this case the orders are short yet the person's mental illness continues and she will find herself in court again. Help me with some background here. Do we have individuals who suffer from these particular conditions that do not want to take medication, refuse to take it, just a personality issue, and then they keep coming back every 90 days for formal hearings and there's a necessity to continue that indefinitely? Or is there another route by which diagnoses like that are taken care of? Well, yes, there are individuals that we see more frequently. Do these people perhaps just get a guardian of the person that then has authority to consent or? Well, a guardian may not address the situation because a guardian cannot address it. I didn't think so. How does it work in the real world? And also the statute provides for recurrent orders. It states that future orders can be longer than 90 days. The first two, if I remember exactly correctly, can be for 90 days. Future ones can be for a longer term of 20 days. So the statute does anticipate that there will be future proceedings, either one right after the other. And, of course, in our experience, people do come back to find themselves in court. So in answer to Justice DeLort's question, in the real world, you're saying if the judge makes findings of fact, it's okay as long as he puts his findings of fact someplace? As long as the court complies with that section. It's not burdensome on the court to state its findings of fact. They don't have to be extensive. If the court prefers, they can be in no written order. But here, a form order does not comply with that requirement. Now regarding the mandatory versus directory question, the appellate court in James S. found it to be mandatory. It specifically used the word mandatory. And it's a shall. The word shall in a statute dictates the necessary components of an order. But besides the James S. case, other cases that consider the requirements imposed on the court of what to include in its order also reverse the lack of compliance. In one of the cases in our brief, the order for medication failed to state the dosage for one out of five medications. And that was reversed for that reason. Also, we have to consider the purpose of the statute. Just respond to what he said. So don't make all of your arguments again because it kind of seems like that's what you're doing. I was responding to the mandatory versus directory. Do you think James S. addressed the issue that the state is raising that the legislature can't impose this type of requirement on a trial judge's authority? I think there is no specific discussion about whether the statute could be directory. It's treated as mandatory in that case as in others. Without question, it's treated as mandatory. And the separation of powers, counsel mentioned the S.G. case. The separation of powers issue, the same conflict doesn't exist in these cases. These cases are brought under the state's parents' patriae interest to care for those who cannot care for themselves. And that's what drives the medication statute. And the Supreme Court said the state as a whole has the same interest under the parents' patriae. There's no conflict. There's no undue burden on the court to state its findings of that. The S.G. court considered whether there's an undue burden. Here there is no undue burden. And the state as a whole has that parents' patriae interest. Okay. Please wrap up, Ms. Krasinski. Thank you. And so we, again, ask for reversal because the court's statement and written order does not comport with the concerns that underlie the medication statute. And that is the restriction of a respondent's significant liberty interest and the concern about the significant side effects. And also another concern that the medication may be misused against the respondent to manage or discipline her rather than to treat her. And having the findings of fact protects against both. So we know that those concerns will not be manifested. So we ask for reversal. Thank you. Thank you. Thank you both sides. This matter will be taken under advisement and court's adjourned.